IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

**DARNELL A. REEVES,**

**Defendant.**

Case No. 2:18-cr-199
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

The instant matter is before the Court for consideration of a motion to withdraw a plea of guilty filed by Defendant Darnell Reeve's ("Defendant"). (ECF No. 52). The Government responded in opposition to Defendant's motion. (ECF No. 53). Defendant's request to withdraw is, therefore, ripe for review.

Defendant plead guilty to one count of tracking heroin in violation of 21 U.S.C. § 841(a)(1). Thereafter, the Court accepted Defendant's plea, and it also requested a presentence report from the U.S. Probation Office ("USPO"). (ECF No. 33). The USPO recommended a 240-month sentence based on certain heroine related overdose deaths that had occurred. Defendant moved to withdraw his guilty plea, claiming that any reference to an overdose death at this juncture is a violation of his plea agreement. (ECF No. 52 at 5-7).

Federal Rule of Civil Procedure 11(d) governs the standard for withdrawal of a guilty plea. The rule states in pertinent part that:

A defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

(A) the court rejects a plea agreement under 11(c)(5); or

1

(B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. Rule Crim. P. 11(d).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified and the matter is left to the sound discretion of the Court. *United States v. Alexander*, 948 F.2d 1002, 1003-4 (6th Cir. 1991). Pursuant to FRCP 11(d)(2)(B), as applicable to the instant matter, the Defendant must show a "fair and just reason" to withdraw his guilty plea under the current circumstances. Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1003.

The Sixth Circuit has provided a non-exclusive list of factors, considered in the totality of circumstances, which guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

"The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008).

On August 10, 2020, the Court held a hearing on Defendant's motion to withdraw his plea. (ECF No. 54, 55). For the reasons stated during the hearing, the Court denied Defendant's motion, explaining that there was no fair and just reason to withdraw the guilty plea. For the aforementioned reasons, Defendant's motion to withdraw is **DENIED**. (ECF No. 52).

**IT IS SO ORDERED.**

9-22-2020
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**